IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE IGUESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-0237-MEF |
| ) | (WO – Do Not Publish) |
| HYUNDAI MOTOR ) | |
| MANUFACTURING, ALABAMA, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the Court is Hyundai Motor Manufacturing, Alabama, LLC's ("Hyundai") Motion for Summary Judgment (Doc. #16). This is a premises liability action brought by Johnnie Iguess ("Iguess") against Hyundai based on a fall that occurred at Hyundai's Montgomery, Alabama facility. Iguess has not filed a response in opposition to Hyundai's motion for summary judgment. For the reasons that follow, Hyundai's motion for summary judgment is due to be GRANTED.

**II. JURISDICTION AND VENUE**

This Court has subject-matter jurisdiction over the parties' claims under 28 U.S.C. § 1332. The parties do not dispute that venue is proper under 28 U.S.C. § 1391(b), and the Court finds adequate allegations supporting both.

### III.  STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–23.  The burden shifts to the non-movant "[o]nly after the moving party has satisfied that burden." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000).

Once the moving part has met its burden, the non-moving party must "go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 447 U.S. at 324.  To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a

district court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The district court must grant summary judgment if there is no genuine dispute of material fact and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Where, as here, the non-moving party fails to respond to the motion for summary judgment, the court may not grant summary judgment solely on the basis of the non-moving party's failure to respond. *See, e.g.*, *Trustees of Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Employers v. Wolf Crane Serv. Inc.*, 374 F.3d 1034, 1039–40 (11th Cir. 2004); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). Indeed, a district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed. Nor can a district court deem a claim abandoned by a party absent some affirmative indication that she no longer wishes to pursue that claim. Rather, a court must conduct an independent review of the record and consider the merits of an unopposed summary judgment motion. *See Trustees*, 374 F.3d at 1039–40; *One Piece of Real Prop.*, 363 F.3d at 1101–02. The record as a whole must establish the absence of a genuine dispute of material fact before the court can enter judgment as a matter of law. *See One Piece of Real Prop.*, 363 F.3d at 1101–02.

While the district court is not required to "sua sponte review all of the evidentiary materials on file at the time the motion is granted . . . [it] must ensure that the motion itself

is supported by evidentiary materials." *See id.* (citing *Dunlap v. Transamerica Occidential Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)). "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). Additionally, a district court must "indicate that the merits of the motion were addressed." *Id.* at 1102 (citing *Dunlap*, 858 F.2d at 532).

## IV. FACTS[1]

On August 25, 2011, Iguess drove a straight truck for her employer, Tri-State, to Hyundai's Montgomery plant to pick up empty containers. Iguess parked at the facility and exited her truck to find out which loading dock she needed to use. After discovering which loading dock to use, Iguess backed her truck into the dock. She exited the vehicle and went to the rear of the truck to lower the truck's landing gear, which stabilizes the truck so that it can support the weight of a forklift.

Hyundai's loading docks contain "chocks" that are wedged into a truck's tires to keep it stable while it is unloaded. The chocks are attached to a chain, which is attached to an eyelet. The chain in Iguess's loading dock was coiled around the eyelet and was

---

[1] As a result of Iguess's failure to respond to Hyundai's motion for summary judgment, she has presented no evidence disputing Hyundai's factual assertions. Under the Federal Rules of Civil Procedure, "[i]f a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). Hyundai has presented the deposition testimony of Iguess in addition to the affidavits of two Hyundai employees. While the Court must view the facts in the light most favorable to Iguess, as the non-movant, in the absence of any response from Iguess, the Court deems Hyundai's factual assertions undisputed.

approximately five and a half feet from the wall. The eyelet stuck two to three inches above the ground, and the pile of chain coiled around it was about six inches above the ground.

Iguess saw the chain on the floor and attempted to step over it to go to the other side of the truck to lower the landing gear. Iguess did not look down at the chain as she stepped over it, and she admits she could have walked around the chain rather than step over it. As she stepped over the chain, Iguess caught her foot on the eyelet and fell to the concrete floor, injuring herself. Iguess stated that, had she been looking down as she stepped over the chain, she was not sure she would have seen the eyelet because it is the same color as the chain.

The chocks and chains that are secured to the eyelets have been installed in Hyundai's loading areas since approximately June of 2011. The loading dock used by Iguess is almost constantly in use during business hours, and around sixteen to twenty trucks will use the dock on a given day. No one besides Iguess has complained to Hyundai about tripping over the eyelets or chains in the loading areas.[2]

### V. DISCUSSION

Iguess has sued Hyundai for both negligently and wantonly failing to maintain safe premises. (Doc. #1-1.) Hyundai has moved for summary judgment on both counts. Hyundai argues that it is entitled to summary judgment on the negligence claim because there is no evidence that the chain and eyelet were a defect, or, alternatively, if the chain and eyelet were a defect, that the danger was open and obvious. Therefore, Hyundai claims that it had no

---

[2] This statement was made by Hyundai's Manager of Safety by affidavit dated December 12, 2013. Thus, aside from Iguess, Hyundai has received no complaints about tripping over the eyelets or chains over a two-and-a-half year period.

duty to eliminate the condition or warn of it. Hyundai also argues that there is no evidence that Hyundai was wanton in placing the chains and eyelets in the loading docks. Since the Court agrees that there is no evidence the chain and eyelet are a defect, the Court will address only that portion of Hyundai's argument.

Hyundai does not dispute Iguess's assertion that she was an invitee at Hyundai's facility. (Doc. #1-1, at ¶ 17.) A landowner owes an invitee the legal duty to exercise reasonable care and diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation and to warn the invitee of known dangers or dangers that should have been known and of which the invitee was ignorant. *Shelton v. Boston Fin. Inc.*, 638 So. 2d 824, 825 (Ala. 1994) (quotation and citation omitted). A plaintiff at the summary judgment stage must present substantial evidence that the plaintiff's injury was the result of a defect or instrumentality on the premises, that the defect was the result of the defendant's negligence, and that the defendant had or should have had notice of the defect before the time of the accident. *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992). Where the defect is a part of the premises, as opposed to a slick spot on a floor, whether the defendant had actual or constructive notice of the defect will go to the jury regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident. *Mims v. Jack's Rest.*, 565 So. 2d 609, 610–11 (Ala. 1990).

However, as a threshold matter, a plaintiff must present substantial evidence that the cause of her injury was a *defect* in the premises, and proof that no one else has been injured

6

by the alleged defect is evidence that the condition is not a defect. *See Miller ex rel. Miller v. Liberty Park Joint Venture, LLC*, 84 So. 2d 88 (Ala. Civ. App. 2011) (holding gap between fence frame and surface of tennis court was not a defect because court had been in continuous use for over thirteen years and no one else had been injured like plaintiff); *Butler v. AAA Warehousing & Moving Co.*, 686 So. 2d 291 (Ala. Civ. App. 1996) (holding that stand for reviewing parade with five-inch vertical gaps was not defective where no other parade patron had been injured by it in twenty five years); *Robison v. Gantt*, 673 So. 2d 441 (Ala. Civ. App. 1995) (holding pool was not defective because snake bite that occurred at the pool had never happened before). The *Miller* case makes clear that once a landowner presents evidence that a condition is not defective or unreasonably dangerous, the burden shifts to the plaintiff to present substantial evidence that the condition was unreasonably dangerous. 84 So. 3d at 94. Hyundai has presented evidence that the chains and eyelets in the loading docks are not unreasonably dangerous. In the more than two years they have been in the loading docks, with sixteen to twenty trucks per day using the docks, no one has complained of tripping over them except Iguess.

  Thus, the burden shifts to Iguess to demonstrate the chains and eyelets are unreasonably dangerous. Iguess has failed to present any evidence that the chains and eyelets are unreasonably dangerous by failing to respond to Hyundai's motion for summary judgment. Therefore, the undisputed facts demonstrate that the chain and eyelet were not a defect in the premises, and Hyundai is entitled to summary judgment on Iguess's negligence claim.

Iguess has also failed to present any evidence that Hyundai's placement of the chains and eyelets in their loading docks was wanton. Wantonness requires a showing that the defendant was aware that placing the chains and eyelets in their loading docks was likely to result in injury but chose to do so anyway. *See Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 745 (Ala. 2009). The undisputed facts show that the chains and eyelets were placed in the loading docks to keep the chocks from being removed and that no one besides Iguess has complained of tripping over them. Therefore, Hyundai is also entitled to summary judgment on Iguess's wantonness claim.

## VI.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that Hyundai's Motion for Summary Judgment (Doc. #16) is GRANTED, and Iguess's claims in this action are DISMISSED WITH PREJUDICE. The pretrial hearing and trial in this matter are CANCELLED.

A separate final judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this the 21st day of April, 2014.

/s/  Mark E. Fuller
UNITED STATES DISTRICT JUDGE